**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SABAY BUTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   **CIVIL ACTION NO.** |
| | )   **26-40123-DHH** |
| RON LYONS TRUCKING LLC and | ) |
| WAYLAND CLARK, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

**July 8, 2026**

**Hennessy, M.J.**

### I.      PROCEDURAL HISTORY

This case was filed in the Worcester County Superior Court on April 8, 2026.[1]  [Dkt. No. 1 at ¶ 1].  Defendants removed the case to federal court on May 1, 2026.  [Dkt. No. 1].  On May 13, 2026, Plaintiff moved to remand the case to state court, [Dkt. No. 6], and Defendants opposed that motion on May 21, 2026.  [Dkt. No. 9].   For the reasons that follow the motion to remand is conditionally granted.

### II.      FACTUAL BACKGROUND

Plaintiff, Sabay Buth ("Buth"), brings claims of negligence (Count I) against the person of Wayland Clark ("Clark"), and vicarious liability/respondeat superior (Count II) against Clark's alleged employer, Ron Lyons Trucking LLC ("RLT").  [Dkt. No. 1, Exh. A at ¶¶ 2-3]. Buth's claims arise out of a car accident that occurred on April 14, 2023, in Berlin,

---

[1] This date is taken from Defendants' Notice of Removal as there appears to not be a date listed on the state court complaint.  See [Dkt. No. 1]; [Dkt. No. 1.1].

1

Massachusetts.  Id. at ¶ 7.  Buth claims that at the time of the accident, he was lawfully operating his car when Clark, operating a tractor trailer in the course of his employment with RLT, hit Buth's car.  Id. at ¶¶ 8, 10.  Buth alleges that, as a direct and proximate result of the collision, he sustained injuries, pain and suffering, emotional damages, and other losses including, but not limited to:

- Medical evaluation and treatment, including follow-up care;
- Past and future medical expenses in excess of $2,000;
- Pain and suffering.

Id. at ¶ 11.  At all relevant times, Clark was acting as an agent, servant, and/or employee of RLT, and operated within the scope of such agency, service, and/or employment and in furtherance of RLT's business.  Id. at ¶ 12.

### III.   REMOVAL AND REMAND STANDARD

"The [federal] district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States[.]"  28 U.S.C. § 1332.  "The party invoking diversity jurisdiction bears the burden of establishing that the amount-in-controversy requirement is satisfied."  Andersen v. Vagaro, Inc., 57 F.4th 11, 14 (1st Cir. 2023); see also Miara v. Allmerica Fin. Life Ins. Co., 379 F. Supp. 2d 20, 25 (D. Mass. 2005) (stating that a removing defendant bears the burden of establishing the existence of federal jurisdiction).  It is settled that the removal statute is strictly construed, and doubts about the propriety of removal are resolved in favor of remand to the state forum.  Doe v. Access Industries, Inc., 137 F. Supp. 3d 14, 16 (D. Mass. 2015) (citing Wright & Miller's Federal Practice and Procedure § 3739, (4th ed. 2015) ("[A] great many cases can be cited for the proposition that if federal subject-matter jurisdiction over a removed case is doubtful, the case should be remanded to state court.")).  "[T]he federal courts have a particular responsibility to police the border of federal jurisdiction, because the

Constitution limits the jurisdiction of federal courts…and Congress has further narrowed our jurisdiction by periodically increasing the amount-in-controversy minimum for diversity cases." Bates v. Life Care Centers of America, Inc., 989 F. Supp. 2d 176, 178 (D. Mass. 2013) (internal quotations omitted).

"[D]etermining whether a case belongs in federal court should be done quickly, without an extensive fact-finding inquiry." Spielman v. Genzyme Corp., 251 F.3d 1, 4 (1st Cir. 2001); see also Amoche v. Guarantee Trust Life Ins. Co., 556 F.3d 41, 50 (1st Cir. 2009) ("Consideration of this preliminary issue should not devolve into a mini-trial regarding the amount in controversy."). Where, as here, it is a defendant who is seeking to establish federal court subject matter jurisdiction, "[the defendant]… must show a 'reasonable probability' that the amount in controversy will exceed the jurisdictional threshold."[2] Huston v. FLS Language Centres, 18 F. Supp. 3d 17, 20-21 (D. Mass. 2014) (quoting Amoche, 556 F.3d at 48-49). "[R]easonable probability" is "for all practical purposes identical to the preponderance standard." Amoche, 556 F.3d at 43; see also Cherelli v. InStore Group, LLC, 513 F. Supp. 3d 187, 191 (D. Mass. 2021).

The District of Massachusetts uses the following framework to analyze whether a removing defendant has shown a reasonable probability that the amount in controversy has been met:

> First, if the jurisdictional amount is not facially apparent from the complaint, then a court need look to the notice of removal and any other materials submitted by the removing defendant…Second, as part of the analysis of whether a removing defendant has met the standard of "reasonable probability," a court may consider which party has better access to the relevant information. Third, a court's analysis of the amount in controversy focuses on whether a removing defendant has shown

---

[2] While this standard was originally applied by the First Circuit in the Class Action Fairness Act ("CAFA") context, see Amoche, 556 F.3d at 48-49, Judge Saylor noted that "[t]here is no obvious reason why the burden of showing that the jurisdictional amount has been met should be different for removal under diversity of citizenship than under CAFA." Huston, 18 F. Supp. 3d at 21.

a reasonable probability that more than the jurisdictional minimum is in controversy at the time of removal. Fourth, any doubts in the evidence should be construed in favor of remand because the court has a responsibility to police the border of federal jurisdiction.

Huston, 18 F. Supp. 3d at 21 (quoting Reynolds v. World Courier Ground, Inc., 272 F.R.D. 284, 286 (D. Mass. 2011)).  The plaintiff's likelihood of success on the merits is largely irrelevant to the court's jurisdictional analysis which should be focused on the amount in controversy, not how much the plaintiffs are ultimately likely to recover.  Id.

While a defendant can remove a case a plaintiff has commenced in state court to federal court, it is well established that "[t]he plaintiff is 'the master of the complaint,' and therefore controls much about [his] suit."  Royal Canin U.S.A., Inc. v. Wullschleger, 604 U.S. 22, 35 (2025) (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 398-99 (1987)).  Hence, "[i]f [the plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."  St. Paul Mercury Indem. Co. v. Red Cab Co., 404 U.S. 283, 294 (1938).

## IV.    ANALYSIS

Applying the foregoing precedents, this Court first determines whether the amount in controversy is facially apparent in Buth's complaint.  See Huston, 18 F. Supp. 3d at 21.  It is not. Insofar as damages are concerned, the Complaint alleges only that Buth has "incurred more than $2,000 in reasonable and necessary medical expenses." [Dkt. No. 1, Exh. A at ¶ 18].  The Court then looks to the notice of removal and any other materials submitted by the removing defendant. As Defendants note, the civil cover sheet that Buth submitted with his state court Complaint lists Buth's documented medical expenses to date as $38,262.11 with reasonably anticipated future medical and hospital expenses of $15,000. [Dkt. No. 9.1].  In the aggregate, Defendants'

4

removal papers establish an amount in controversy of $53,262.11.  Lowe v. Sears Holding Corp., 545 F. Supp. 2d 195, 196 (D.N.H. 2008) ("the calculation includes monies not yet due the plaintiff at that point—so long as the "judgment will clearly and finally create an obligation to pay, over a number of years, a sum in excess of the jurisdictional amount, even though future events may alter or cut off the defendant's obligation." (quoting 14B Wright & Miller's Federal Practice and Procedure § 3702, at 87 (3d ed. 1998)).  Therefore, to carry their removal burden, Defendants must show another $21,737.90 in controversy.  See 28 U.S.C. § 1332.

To do so, Defendants argue that Buth's Complaint alleges that as a result of the collision, Buth sustained permanent injury to his left shoulder, as well as neck and back pain and that he "continues to treat, indicating ongoing medical care[.]"  [Dkt. No. 9 at p. 3].  This argument involves double-counting since Buth's civil cover sheet acknowledges an additional $15,000[3] in anticipated future medical expenses, and there is no suggestion that $15,000 is not a good faith estimate of such costs.  See Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 87 (2014) ("When a plaintiff invokes federal-court jurisdiction, the plaintiff's amount-in-controversy allegation is accepted if made in good faith.").

Defendants also argue that Buth's lost wages and diminished earning capacity as a result of the accident increase the amount in controversy.  [Dkt. No. 1 at ¶ 6].  Buth, however, states in his motion for remand that as a result of two prior car accidents, he is retired on disability, and has no grounds to seek damages for lost wages.  [Dkt. No. 6 at pp. 1-2, 5].  Indeed, Buth makes no demand for lost wages nor does he seek damages for diminished earning capacity.  Id. at p. 2; see [Dkt. No. 1, Exh. A at ¶¶ 11, 19, 23] (listing only medical expenses and pain and suffering as bases for damages).  Courts are to consider "which party has better access to the relevant

---

[3] Buth's estimation of $15,000 in future medical costs, nearly 50% of the amount which he has already spent so far, appears to be generous and thus favorable to Defendants for the purposes of their motion to retain federal jurisdiction.

information[,]" <u>Huston</u>, 18 F. Supp. 3d at 21; here, as Buth's motion to remand shows, he has better access to information regarding lost wages or diminished earning capacity.  Accordingly, the Court accepts Buth's representation that he has no claim for lost wages or reduced earning capacity and does not include these unclaimed damages in its calculation of the amount in controversy.

Lastly, to establish this case meets the jurisdictional threshold, Defendants argue that Buth seeks compensation for pain and suffering and that a pain and suffering award could bridge the gap between the $53,262.11 of tangible damages alleged in Buth's Complaint and the $75,000 jurisdictional threshold.[4]  [Dkt. No. 9 at p. 6]; <u>see</u> [Dkt. No. 1, Exh. A at ¶ 11] (Buth's complaint alleging pain and suffering damages).  While the Court agrees with Defendants that this additional component of damages is alleged, the issue is whether Defendants have shown by a preponderance that the amount is more than the $21,737.90 needed to bring the case within the limited jurisdiction of the federal courts.  While a close call, I find that they have not.

The First Circuit Court of Appeals has noted that "the infinite variables involved in an award for pain and suffering dictate that each case should be viewed by the unique facts presented and should not be controlled by judgments rendered in other cases." <u>Soto v. U.S.</u>, 11 F.3d 15, 18 (1st Cir. 1993).[5]  Here, the facts as Defendants present them, create doubt about the amount of damages for pain and suffering.  In their opposition to remand, Defendants recount that Clark was backing up a tractor-trailer owned by RLT and swung out too far, striking the front bumper of Buth's stationary vehicle.  <u>Id.</u> at 2.  In other words, this was not a high-speed

---

[4] "[A]ttorney's fees are normally excluded from an amount in controversy determination absent a statute or contract providing for such fees[.]" <u>Abdel-Aleem v. OPK Biotech LLC</u>, 665 F.3d 38, 42 (1st Cir. 2012) (citing <u>Spielman</u>, 251 F.3d at 7).

[5] <u>U.S. v. Soto</u> does not deal with an amount-in-controversy or a remand issue, but rather whether the amount of damages awarded in the district court was so unreasonable that it should be overridden. 11 F.3d at 18.  Regardless of the context, it provides a useful illustration of the variability of pain and suffering awards.

collision: Buth's car was not moving and Clark was driving in reverse, presumably at slow speed, and struck a bumper on Buth's car.  At the same time the Court appreciates that Buth suffered injuries to his left shoulder, neck, and back, and that these can be debilitating and painful.  At best, there is a lack of clarity on pain and suffering damages; however, "any doubts in the evidence should be construed in favor of remand because the court has a responsibility to police the border of federal jurisdiction." Huston, 18 F. Supp. 3d at 21.  Accordingly, the Court finds that the facts in this case militate in favor of remand.  See Access Industries, Inc., 137 F. Supp. 3d at 16 ("[t]he removal statute is strictly construed, and any doubts about the propriety of removal are resolved in favor of remand to the state forum.") (internal quotations omitted).

In an effort to strike an appropriate balance in a close case such as this one, as a condition of remand, the Court will require Buth to execute a stipulation which limits his recovery.  As mentioned, a plaintiff is master of his lawsuit.  Royal Canin U.S.A., 604 U.S. at 35.  In that regard, "a plaintiff … may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove." St. Paul Mercury, 404 U.S. at 294.  As noted, here Buth has not alleged a total amount in controversy in his Complaint.  In such a case, a federal court may "as condition for remand, [] insist on a '*binding* affidavit or stipulation that the plaintiff will continue to claim less than the jurisdictional amount[.]'" Standard Fire Ins. Co. v. Knowles, 568 U.S. 588, 595-596 (2013) (quoting 14AA C. Wright & Miller's Federal Practice and Procedure § 3702.1 (4th ed. 2011) (emphasis in original)).  In a similar case in which, as here, the complaint did not allege an amount in controversy, the District of South Carolina granted a plaintiff's motion to remand where she had signed a stipulation stating "Plaintiff 'irrevocably stipulates' that the amount in controversy does not exceed $75,000.00 and that Plaintiff will not 'seek, accept, receive, or collect on any

judgment rendered in this matter in excess of $75,000.00.'" <u>Drake v. WalMart, Inc.</u>, No. 9:21-4058-RMG, 2022 WL 522517, at *3 (D.S.C. Feb. 16, 2022) ("[A] post-removal stipulation that damages will not exceed the jurisdictional minimum can be considered as a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint." (quoting <u>Carter v. Bridgestone Americas, Inc.</u>, No. 2:13-00287-PMD, 2013 WL 3946233, at *1-2 (D.S.C. July 31, 2013)).

As was the case in <u>Drake</u>, this Court has "no way of determining the amount in controversy from the face of the complaint[.]" <u>Id.</u> at *3. Accordingly, this Court will similarly treat a binding stipulation that Buth will not seek damages in excess of $75,000 as a clarification of the amount in controversy. Thus, Buth is directed to submit such an affidavit that he will not seek damages in excess of $75,000. Upon satisfaction of this condition, this Court will issue a formal order of remand.

## V.    CONCLUSION

For the foregoing reasons, Buth's Motion to Remand is granted subject to the condition that, within 14 days of this Order, Buth file a stipulation that he will not seek damages in excess of $75,000.


So ordered.

/s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge
